# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 09-31109
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PAMELA GORDEN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CR-310-1

Before GARWOOD, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pamela Gorden appeals the 37 month sentence imposed in 2009 following her guilty plea conviction for mail fraud. She argues that the district court erred by increasing her offense level for obstruction of justice and by failing to reduce her offense level for acceptance of responsibility. The district court's application of the Sentencing Guidelines is reviewed *de novo*, and its factual findings are reviewed for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). A finding of obstruction of justice is a factual finding and will be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upheld if it is plausible in light of the record as a whole. *Id.* We will affirm a district court's decision not to apply an adjustment for acceptance of responsibility "unless it is 'without foundation,' a standard of review more deferential than the clearly erroneous standard." *Id.* at 211 (citation omitted).

The Sentencing Guidelines provide for a two-level increase for obstruction of justice if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the . . . sentencing of the instant offense of conviction." U.S. SENTENCING GUIDELINES MANUAL § 3C1.1(A). Conduct justifying the adjustment includes "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." *Id.* at § 3C1.1, cmt. n.4(h). In Gorden's presentence report (PSR), the probation officer noted that Gorden admitted to having been arrested in approximately 1983 for assault with a deadly weapon because she had shot her fiancé in self defense. Gorden told the probation officer that the case had been dropped. However, the probation officer determined that Gorden had been convicted by guilty plea in 1989 for aggravated assault and had been sentenced to three years of imprisonment, which was suspended, and five years of unsupervised probation. She was also ordered to pay $900 in restitution. The sentencing court adopted the factual findings and statements in the PSR. Based upon the record as a whole, it was plausible that Gorden's omission and denial of her prior conviction constituted willfully providing false information to the probation officer. We have held that "prior convictions are material even if they cannot be counted in the criminal history, because they could influence the district court's determination of the sentence within the guideline range." *United States v. Buckley*, 71 F.3d 876, WL 725606, at \*3 (5th Cir. Nov. 6, 1995).[1] It was not clear error for the court to make this factual

---

[1] Although unpublished, *Buckley* is precedential because it was issued before January 1, 1996. *See* 5TH CIR. R. 47.5.3.

finding and enhance Gorden's offense level accordingly.  Moreover, even if the district court had erred by imposing the adjustment for obstruction of justice, that error would be harmless in light of the district court's statement that it would have imposed the same sentence even if the obstruction adjustment had not been applied.  *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009).[2]

Gorden also argues that the district court erred in failing to grant a decrease in her offense level for acceptance of responsibility.  A defendant can receive a two-level reduction in her offense level for clearly demonstrating acceptance of responsibility for the offense of conviction.  U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a).  The defendant may qualify for a reduction by "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable."  *Id*. at § 3E1.1 cmt. n.1(a).  In the PSR, the probation officer noted that Gorden repeatedly stated during both the initial plea hearing and the presentence investigation that she had not done anything wrong and did not understand why she was being prosecuted for this offense.  During both her first and second rearraignment hearings, Gorden made statements inconsistent with a clear acceptance of responsibility for the acts that made up her offense.  Examination of the record does not show that the denial of the reduction for acceptance of responsibility was without foundation.  Instead, the

---

[2] Applying the two point obstruction of justice enhancement and denying an acceptance of responsibility reduction produced a based level of 21, which with a criminal history category of 1, gave rise to an advisory guideline range of 37 to 46 months' confinement, as the district court found.  The district court also correctly found that without the obstruction enhancement, the base offense level would be 19, giving rise (with the same criminal history) to an advisory guideline range of 30 to 37 months.  The court went on to state at sentencing: "even if that calculation had been made and the adjustment for obstruction had not been included, the 37 month sentence is the same sentence I would have imposed in that instance.  It's just it's the right number for this particular case, all things considered."

No. 09-31109

record supports the district court's conclusion that Gorden did not clearly demonstrate acceptance of responsibility for the offense of conviction.

The judgment of the district court is AFFIRMED.